UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN ANDERSON,

    Plaintiff,　　　　　　　　　　Civil Action No. 16-10702
　　　　　　　　　　　　　　　　　Honorable Paul D. Borman
          v.　　　　　　　　　Magistrate Judge Elizabeth A. Stafford

USAA CASUALTY INSURANCE
COMPANY, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE
PLAINTIFF'S AMENDED MOTION FOR DISTRIBUTION
OF SETTLEMENT PROCEEDS [ECF NO. 20]**

**I.　　INTRODUCTION**

Plaintiff Carolyn Anderson brings suit based on an automobile accident which she alleges caused her several serious impairments, injuries and damages. [ECF No. 1, PageID 14-16]. Her claims include one against defendant USAA Casualty Insurance Company (USAA) under Michigan's no-fault insurance law, M.C.L. § 500.3101 *et seq*. Anderson and USAA have come to a settlement agreement resolving Anderson's claims for no-fault benefits through June 1, 2016, in the amount of $7,010.81. [ECF No. 20, PageID 147; ECF No. 15, PageID 108]. Before the Court is Anderson's amended motion for approval of the proposed

distribution of settlement proceeds as contemplated by M.C.L. § 500.3112.[1]

The Court **RECOMMENDS** that Anderson's motion be **DENIED WITHOUT PREJUDICE**.

II.  **ANALYSIS**

**A.**

M.C.L. § 500.3112 governs the distribution of personal protection insurance benefits and provides in pertinent part:

> If there is doubt about the proper person to receive the benefits or the proper apportionment among the persons entitled thereto, the insurer, the claimant or any other interested person may apply to the circuit court for an appropriate order. The court may designate the payees and make an equitable apportionment, taking into account the relationship of the payees to the injured person and other factors as the court considers appropriate.

*See also Covenant Med. Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 313 Mich. App. 50, 53 (2015), *appeal granted,* 499 Mich. 941 (2016) ("[T]he statute requires that the insurer apply to the [Court] for an appropriate order directing how the no-fault benefits should be allocated.").

In Anderson's amended motion, she identifies the "outstanding No-

---

[1] Anderson had filed a motion for disbursement of funds in January 2017, [ECF No. 12], but that motion was superseded by the amended version, which reflects updated claims. [ECF No. 20, PageID 147]. The amended motion was referred to the undersigned by the Honorable Paul D. Borman. [ECF No. 21].

2

Fault benefits" as follows:

| | |
|---|---|
| Eastside Cardiovascular Medic | $209.78 |
| Flat Rock Cardiology | $70.00 |
| Client Financial Services Oakwood | $143.25 |
| OHI Physician Network | $213.00 |
| Physical Medicine & Rehab | $171.00 |
| Premier Cardiovascular Specialist | $35.00 |
| Skyl Physical Rehab | $378.00 |
| U of M Health Sys | $115.26 |
| U of M Health Sys | $793.14 |
| First Recovery Group | $5,695.11 |
| Beaumont Hospital (5000012282) | no outstanding balance |

[ECF No. 20, PageID 147]. As for an equitable distribution of the settlement funds, she proposes the following:

| | |
|---|---|
| Eastside Cardiovascular Medic | $83.91 |
| Flat Rock Cardiology | $28.00 |
| Client Financial Services Oakwood | $57.30 |
| OHI Physician Network | $85.20 |
| Physical Medicine & Rehab | $68.40 |
| Premier Cardiovascular Specialist | $14.00 |
| Skyl Physical Rehab | $151.20 |
| U of M Health Sys | $46.10 |
| U of M Health Sys | $317.26 |
| First Recovery Group | $3,412.97 |
| Beaumont Hospital (5000012282) | $0.00 |

[*Id.*, PageID 148]. Anderson thus proposes each provider be paid at approximately 40% of its total claim, except that First Recovery Group would receive approximately 60% of its total claim. She has not provided an equitable reason for this discrepancy and the Court can infer none. Thus, the Court recommends the amended motion be denied without

prejudice.

**B.**

In its response to the original motion, USAA asks the Court to discharge potential claims from a number of other providers "pursuant to MCL 500.3112." [ECF No. 15, PageID 108-10]. It states that it cannot agree to a settlement otherwise. But USAA also alleges that it "does not believe that any benefits are owed to these providers," [*id*, PageID 110], and the statute would automatically discharge USAA of liability for any other claims upon settlement "unless the insurer has been notified in writing of the claim of some other person." M.C.L. § 500.3112. "[T]he plain text of the statute provides that if the insurer has notice in writing of a third party's claim, then the insurer cannot discharge its liability to the third party simply by settling with its insured." *Covenant Med. Ctr*, 313 Mich. App. at 53.

USAA provides no evidence regarding whether any of the listed providers have provided it with a notice of a claim, and USAA did not serve any of those providers with its response. [ECF No. 15, PageID 111]. And since USAA will be discharged upon a settlement from liability for any claims of which it was not notified in writing, an order of discharge would be superfluous. The Court does not recommend granting this request.

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Anderson's motion for distribution of settlement proceeds [ECF No. 20] be **DENIED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 9, 2017

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

5

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 9, 2017.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager